IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESPERANZA BONILLA-OLMEDO,

Plaintiff,

v.

CIVIL NO. 08-1842 (CVR)

UNITED STATES OF AMERICA,

Defendant.

**OPINION AND ORDER**

**INTRODUCTION**

On August 8, 2008, plaintiff Esperanza Bonilla-Olmedo (hereafter "plaintiff Bonilla-Olmedo"), the widow of William Charles Merriweather (hereafter "Mr. Merriweather"), who was a civilian employee with the Department of Morale and Welfare in Fort Buchanan, Puerto Rico, filed an initial federal claim. (Docket No. 1). Thereafter, an Amended Complaint was filed to include also as plaintiffs Ms. Diana Merriweather aka Diana Deye, Elisa Del Carmen Merriweather, Tommy Sims and Charles William Merriweather, the children and grandchildren of the deceased Mr. Merriweather (hereafter "new plaintiffs"). (Docket No. 45).[1]

The defendant, the United States of America, filed an initial "Motion to Dismiss and Memorandum in Support" that was resolved through an Opinion and Order insofar as plaintiff Bonilla-Olmedo. (Docket Nos. 17, 31, 39). A Motion to Alter Judgment was thereafter filed. (Docker No. 40). Plaintiffs then filed the Amended Complaint which is now object of a new Motion to Dismiss as to new plaintiffs and the corresponding opposition appears on record. (Docket Nos. 48 and 52).

---

[1] The claims referred to constitutional violations under Article III, Section 2 of the U.S. Constitution, Title 28, United States Code, Sections 1331 (federal question), 1346(a)(2) and (b)(1) (Federal Tort Claims Act), as well as 28 U.S.C. §2674(b). (Docket No. 1, 45).

Esperanza Bonilla, et al.,  v. U.S.
Civil No. 08-1842 (CVR)
Opinion and Order
Page 2

## MOTION TO DISMISS STANDARD

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In assessing this motion, we "accept all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1950 (2009).  The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

In ruling on a motion to dismiss, the Court may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, without converting the motion into one for summary judgment. Clorox Co. PR v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).  Unlike, say, a motion for summary judgment under Federal Rule of Civil Procedure 56(c), challenge under Federal Rule of Civil Procedure 12(b)(1) warrants differential fact finding. Thus, the plaintiffs' jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the existence or not of a factual disputes of genuine issues

between the parties. *See* Valentín v. Hospital Bella Vista, 254 F.3d 358 (1st Cir. 2001); *citing* Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997).

Defendant United States submits that under Fed.R.Civ.P. 12(b)(1), the claims presented by new plaintiffs are subject to dismissal for lack of federal matter jurisdiction.

### LEGAL ANALYSIS

**A.    Applicable Law under the FTCA**.

As previously discussed and applicable to this new plaintiffs' claims, under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his/ her scope of employment. *See* 28 U.S.C. § 2679(a).  Such a remedy lies only against the United States for actions by its employees and is exclusive of any other civil action.

Congress authorized a limited waiver of sovereign immunity when federal employees commit torts while acting within the scope of their employment.   28 U.S.C. § 2675(a). A district court lacks  jurisdiction over an FTCA action if the plaintiff has not complied with the notice requirements of Section 2675(a).

Accordingly, a tort action against the United States must be cognizable in accordance with the law of the place or local law. McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986). However, federal constitutional torts are not included within the law of the place, since local law and federal law by definition and terminology are different.

This waiver of immunity is subject to numerous conditions, including: (1) the presentation of a claim for a sum certain within two years of accrual of the cause of action to the appropriate federal agency and denial of the claim before bringing suit, *see* 28 U.S.C. § 2675(a); and (2) the filing of a civil suit within six months of denial of the administrative claim, *see* 28 U.S.C. § 2401(b).

Throughout the FTCA, the meaning of a legal term is what Congress intended and is not dependent on state law. *See* United States v. Neustadt, 366 U.S. 696, 705-06 (1961) (whether or not this analysis [of misrepresentation] accords with the law of States which have seen fit to allow recovery under analogous circumstances, it does not meet the question of whether this claim is outside the intended scope of the FTCA, which depends solely upon what Congress meant by the language it used in 2680(h)); Molzof v. United States, 502 U.S. 301, 305 (1992) (interpreting punitive damages language of 28 U.S.C. § 2674) (the definition of a term used in the FTCA is by definition a federal question). *See* Paul F. Figley, *Understanding the Federal Tort Claims Act: A Different Methaphor*, 44 Tort Trial & Ins. Prac. L.J. 1105 (2009).

Because the FTCA represents a waiver of the government's sovereign immunity, it is to be construed conservatively, not liberally. United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771 (1941). Title 28, United States Code, Section 2675(a) provides in substance that an FTCA action shall not lie unless a claim has first been presented to the appropriate federal agency and denied. If the agency fails to make a final disposition of the claim within six (6) months, however, the claimants are permitted to proceed as though the claim had been rejected. *See* Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28 (1st Cir. 2006) (specifically, the statute requires that a claimant present an administrative

tort claim to the appropriate government agency within two years of accrual of the claim, and, assuming the claim is denied, file a complaint in district court within six months of notice of final denial by the agency).

We shall now examine herein below the several grounds for dismissal submitted by defendant United States in regards to the new plaintiffs included in the Amended Complaint.

## A. The Claims of New Plaintiffs Diana Merriweather aka Diana Deye, Tommy Sims and Charles William Merriweather are Time Barred.

The United States' submission as to the new plaintiffs, with the exception of Elisa del Carmen Merriweather, is that they filed their administrative claim with the U.S. Army on October 28, 2008, although hand dated May 27, 2008. *Deft's Exhibit I*. Thus, the Amended Complaint that was filed before this Court on December 10, 2009, is time barred by the six (6) months limitation period under the FTCA in regards to new plaintiffs since the U.S. Army denied their administrative claim on March 30, 2009. *Deft's Exhibits I, II*. These remaining new plaintiffs had received their notice of denial of their administrative claim through their counsel on March 30, 2009.[2] *Id. Exhibit II*.

Plaintiff's response in opposition to the requested dismissal does not refute the dates at issue, particularly that new plaintiffs Diana Merriweather aka Diana Deye, Tommy Sims and Charles William Merriweather did not file their federal claim until the Amended Complaint, that is, over six (6) months after their FTCA claims had been denied. Their contention is that the timely complaint by plaintiff Bonilla-Olmedo should be considered as also having been filed on their behalf.

---

[2] Plaintiffs' opposition acknowledges ¶5 that counsel was unaware at the time he sought to file the Amended Complaint that a final denial letter had been issued on March 30, 2009, on the claims of these individuals. *Docket No. 49*.

The government subsequently filed a reply to plaintiff's response stating the new plaintiffs' contention is against case law, as well as the interpretation that Bonilla-Olmedo timely filed on their behalf is contrary to the documentation on file.

On the undisputed facts of the case as to the new plaintiffs, there is no other option but to find their claims in the Amended Complaint are time barred for having been filed in excess of the six (6) months after their administrative FTCA claim was denied. Since exhaustion of new plaintiffs' administrative remedies are jurisdictional prerequisite to prosecution under the FTCA in federal court, there is no federal jurisdiction as to the claims submitted in the Amended Complaint in regards to new co-plaintiffs Diana Merriweather aka Diana Deye, Tommy Sims and Charles William Merriweather.

In conclusion, defendant's motion to dismiss for the complaint being time barred is proper as to the new plaintiffs Diana Merriweather aka Diana Deye, Tommy Sims and Charles William Merriweather, who appeared for the first time before this court in the Amended Complaint filed on December 10, 2009, and is hereby **GRANTED.**

**B.    The New Claims of Plaintiff Elisa del Carmen Merriweather are Barred for Failure to Exhaust Administrative Remedies.**

As to new plaintiff Elisa del Carmen Merriweather, she did not file her administrative claim, as indicated by defendant's documents and uncontroverted by plaintiffs' response in opposition. *Deft's Exhibit III, Statement by Joseph J. Frattallone ¶¶3-4.* For this reason, co-plaintiff Elisa del Carmen Merriweather failed to exhaust the administrative remedies of the FTCA. A tort claim against the government is forever barred if it is not filed within the requisite time period. Title 28, United States Code, Section 2401(b).

As such, defendant's motion to dismiss for the complaint is barred for failure to exhaust administrative remedies is proper for new plaintiff Elisa del Carmen Merriweather and is hereby **GRANTED.**

**C. New Plaintiffs' Contention of Bonilla-Olmedo's Representation.**

Plaintiffs' response to defeat their new plaintiffs' late filing in the Amended Complaint is that we are to construe the timely filing of Bonilla-Olmedo as also having been filed on behalf of them.

In Hiatt v. United States, 910 F.2d 737 (11th Cir. 1990), an omission of the name of a child in the administrative claim filed by the widow also acting as personal representative of an estate did not preclude the awarding of damages to the minor under the FTCA. The Court considered the government was aware the widow was acting as personal representative at the time the administrative claim was filed and should not be considered surprised by the later assertion on behalf of the minor child.

Similarly in Davis v. Marsh, 807 F.2d 908 (11th Cir. 1987) when awarding the damages consonant with the administrative claim to all five (5) of a decedent's children, even though only some had filed an administrative complaint, the judgment was affirmed provided it was not in excess of the amount claimed administratively.

The record is devoid of any argument by plaintiff that could reasonably lead to a conclusion the individual filing with the agency of Bonilla-Olmedo was other than on her own. Plaintiff Bonilla-Olmedo has no authority, legal or otherwise, to file on behalf of the minor grandchild Tommy Simms, since their mother, new co-plaintiff Ms. Merriweather,

is considered the legal guardian and custodial parent.[3] The children of Mr. Charles Merriweather, the deceased, as claimed in the Amended Complaint, to wit; new plaintiffs Diana Merriweather, Elisa del Carmen Merriweather and Charles William Merriweather, are seemly all adults who needed to file their own individual claims.

If there are multiple claimants in an FTCA case, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim. *See* Haceesa v. United States, 309 F.3d 722 (10th Cir. 2002); Muth v. United States, 1 F.3d 246, 249 (10th Cir. 1993). They could have also filed one single claim under the permissive interpretation of some courts but with itemized damage amounts thereunder sufficient to place the government on notice of their particular monetary claims.

Furthermore, Bonilla-Olmedo's attempt to having argued representation of other parties in the administrative claim refers to the other parties of Mr. Merriweather's family, children and grandchildren as witnesses. *Plaintiffs' Exhibit 2, administrative claim.*

It has also been discussed that a party representing another at such level may need to submit evidence as to its representative capacity. However, 28 CFR § 14.3(b) only requires that the claim be presented by an "agent, executor, administrator, parent, guardian, or other representative." Still, absent at the time of filing the administrative Form SF-95 by an individual who has not yet been appointed administrator of an estate or

---

[3] A contrary disposition may apply had the minors herein been the children of the deceased as to Ms. Bonilla-Olmedo be considered their guardian and representative. *See* Transco Leasing Corp. V. United States, 896 F.2d 1435, 1441-44 (5th Cir. 1990) (estate executor's failure to name decedent's spouse and daughter in administrative claim did not defeat their claims in FTCA suit), *amended on reh'g on other grounds*, 905 F.2d 61 (5th Cir. 1990); Schuler v. United States, 675 F.Supp. 1088, 1093-94 (W.D. Mich. 1987) (allowing FTCA recovery for decedent's children even though not named in the administrative claim, for the government having sufficient notice the administrative claims sought damages for all beneficiaries of the estate).

an entitlement to filing such claim under state law, FTCA subject matter jurisdiction is not warranted. Filing of an administrative claim by a parent with inherent authority to represent the interest of a minor. On the other hand, filing of an administrative claim on behalf of an adult child without proof of authority, was held not to comply with FTCA jurisdictional requirements. *See* Diane M. Allen, J.D., *When is a claim properly presented to federal agency, under 28 U.S.C.A. §2675(a), for purposes of satisfying prerequisite to subsequent suit under Federal Tort Claims Act*, 73 ALR 338 (1985).

In view of the above, the new plaintiffs' contention that the timely filing of the complaint by Bonilla-Olmedo should be considered as also having been filed on behalf of the new plaintiffs is without merit.

**D.  The United States' Motion to Alter Judgment**.

Defendant United States submitted a request to alter judgment as to this Magistrate Judge's Opinion and Order of November 12, 2009, regarding the motion to dismiss as to co-plaintiff Bonilla-Olmedo. (Docket No. 40). The motion is rather a reconsideration of this court's determination in that plaintiff Bonilla-Olmedo was found entitled to inherit and recover under the FTCA the cause of action from Mr. Merriweather and that the action was time barred. Plaintiff filed its response on December 23, 2009. (Docket No. 49).

The administrative claim filed by Bonilla-Olmedo as the widow of the deceased Mr. Merriweather was more than sufficient to put the defendant on notice of her claim on her own and as any inherited action of her husband. Furthermore, the government's discussion once more that a Title VII claim should had been filed back in 2006 by the deceased Mr. Merriweather, instead of FTCA at issue, is but another attempt to obliterate the previous

Esperanza Bonilla, et al., v. United States
Civil No. 08-1842(CVR)
Opinion and Order
Page 10

determinations of the Court based on what the government seemly considers as appropriate cause of action from the catalogue of the government's not plaintiff's own choosing or events set forth in the complaint.[4]

Thus, this Court reiterates its previous determination on the issues discussed and reconsideration and/or motion to alter judgment is DENIED. *See Opinion and Order, Docket No. 39.*

## CONCLUSION

In view of the foregoing, the United States of America's "Motion to Dismiss Amended Complaint for Lack of Jurisdiction and Motion for Joinder" (Docket No. 48) is **GRANTED** and all claims of new plaintiffs Diana Merriweather aka Diana Deye, Elisa Del Carmen Merriweather, Tommy Sims and Charles William Merriweather are **DISMISSED**.

The defendant United States' Motion to Alter Judgment is **DENIED**. (Docket No. 40).

The Opinion and Order issued on November 12, 2009, incorporated herein, remains in effect. The Pretrial and Trial, as to claims of co-plaintiff Bonilla-Olmedo, remain as set for the month of May 2010, as per the scheduling order issued on September 14, 2009.[5]

---

[4] The reference to a pattern of harassment commenced since July 2005 and continued through August 14, 2007, as discussed in the complaint and in the Opinion and Order is ignored so that the cause of action for Title VII needed to be filed by 2006. Opinion and Order, pp. 17-19.

[5] The Pretrial Conference is set for May 10, 2010 at 9:30 a.m. Non-jury trial is set for May 24 to 28, 2010.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 15th day of January of 2010.

                                            s/**CAMILLE L. VELEZ-RIVE**
                                            **CAMILLE L. VELEZ-RIVE**
                                            **UNITED STATES MAGISTRATE JUDGE**