IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ESPERANZA BONILLA-OLMEDO,

    Plaintiff,

    v.                                CIVIL NO. 08-1842 (CVR)

UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

**INTRODUCTION**

On August 8, 2008, above plaintiff Esperanza Bonilla-Olmedo (hereafter "plaintiff Bonilla-Olmedo") filed her federal claim as the widow of William Charles Merriweather (hereafter "Mr. Merriweather"), a civilian employee with the Department of Morale and Welfare in Fort Buchanan, Puerto Rico. (Docket No. 1). Thereafter, an Amended Complaint was filed.

A previous Opinion and Order was issued dismissing the claims of the new plaintiffs therein included, the children and grandchildren of the deceased Mr. Merriweather on legal grounds. (Docket No. 54).[1] The claim survived solely as to plaintiff Bonilla-Olmedo as to the inherited claim to recover under the Federal Tort Claims Act (hereafter "FTCA") and her own, as to Mr. Merriweather having been subject of a tort of infliction of emotional distress based on a pattern of alleged harassment in the workplace, as discussed in the Opinion and Order of November 12, 2009, which denied the government's request for dismissal of said claims. (Docket No. 39).

---

[1] The claims referred to constitutional violations under Article III, Section 2 of the U.S. Constitution, Title 28, United States Code, Sections 1331 (federal question), 1346(a)(2) and (b)(1) (Federal Tort Claims Act), as well as 28 U.S.C. §2674(b). (Docket No. 1, 45).

The United States has now filed a third motion to dismiss on grounds of lack of jurisdiction. Defendant submits the FTCA claims cannot be sustained because the acts were not carried within the scope of employment of Mr. Merriweather's supervisors, as the applicable case law of Puerto Rico provides. (Docket No. 67).

Plaintiff Bonilla-Olmedo filed a reply in opposition to defendant's third request for dismissal stating for the most part that plaintiff has established in the complaint sufficient factual allegations that must give right to a relief. (Docket No.72). The government, upon leave being granted, filed a reply indicating counsel for plaintiff failed to address the scope of employment doctrine under Puerto Rico law which is the applicable test to determine if there is subject matter jurisdiction under the FTCA. (Docket No. 74).

### MOTION TO DISMISS STANDARD

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In assessing this motion, the Court will "accept all well-pleaded facts as true", and "draw all reasonable inferences in favor of the [plaintiff]." *See* Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

In ruling on a motion to dismiss, the Court may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, without converting the motion into one for summary judgment. Clorox Co. PR v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000).

**LEGAL ANALYSIS**

Defendant submits that under Fed.R.Civ.P. 12(b)(6), the claim of plaintiff Bonilla-Olmedo is subject to dismissal for failure to state a claim for which relief can be granted because there is no subject matter jurisdiction. In essence, the United States avers that the actions claimed do not fall under the scope of employment as required under the FTCA and as a waiver exception to its sovereignty. (Docket No. 67).

Under the FTCA, the United States waives its sovereign immunity for "injury or loss of property ... caused by the negligent act or omission of any employee of the Government *while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (*emphasis supplied*). See Kelly v. United States, 924 F.2d 355 (1st Cir. 1991) (applying scope of employment for the site of the events, the state of Massachusetts in said case).

Congress authorized a limited waiver of sovereign immunity when federal employees commit torts while acting within the scope of their employment. 28 U.S.C. § 2675(a). A tort action against the United States must be cognizable in accordance with the law of the place or local law. McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986). Federal constitutional torts are not included within the law of the place, since local law and federal law by definition and terminology are different. Because the FTCA represents a waiver of

the government's sovereign immunity, it is to be construed conservatively, not liberally. United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771 (1941).

The United States submits herein, as grounds for dismissal, lack of jurisdiction because the alleged pattern of harassment in the workplace that deceased Mr. Merriweather endured was not conduct of the supervisors (Mr. Freddie Giddens, including forcing him to lend him money and picking him up at his home in Gurabo and threats if he would complain or attempt to collect the debt), (Mr. Earl Goins and Mr. Faas procuring favors and privileges for themselves),[2] which could be defined under their scope of employment under applicable case law in the Commonwealth of Puerto Rico. *See* Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996) (state law governs whether a person was acting within the scope of employment).

Under Puerto Rico law, scope of employment relates to the following: an employee's acts that have a desire to serve, benefit or further the business or interest of the employer; employees were performing an act reasonably related to the scope of employment; and said acts were not prompted by purely personal motives. *See* Borrego v. United States, 790 F.2d 5, 7 (1st Cir. 1986) (*citing* Martínez v. Comunidad Mateo Fajardo, 90 D.P.R. 461, 1964 WL 14313 (1964) & Lloréns v. Lozada, 73 D.P.R. 271, 1952 WL 8040 (1952)); *see also* Vernet v. Sorreno-Torres, 566 F.3d 254, 261 (1st Cir. 2009); Attallah v. United States, 955 F.2d 776, 782 (1st Cir. 1999) (for an act to be considered within the scope of employment, it must have been motivated at least in part with the purpose of serving his employer)*;* Melendez-Colón v. United States Dep't of the Navy, 56 F.Supp.2d 147, 151 (D.P.R.1999).

---

[2] Report of Investigation AR 15-6 of Giddens and other management activities and behavior alleged in the complaint was conducted by the Fort Buchanan Commander Col. Stephen Ackman and Lt.Col. José Plaza finding the allegations substantiated, engaged for personal reasons and gains and in violation of U.S.Army and U.S. government laws and regulations.

Esperanza Bonilla, et al., v. United States
Civil No. 08-1842(CVR)
Opinion and Order
Page 5

As such, the mere fact that an employee is in general under employment of an employer, does not create an inference that certain act performed was within the course of the employment for which liability will follow against the employer *e.g.*, under a particular traffic law or under the general tort of Puerto Rico Civil Code section 1802. Such act or conduct must be of the nature the employee was called upon to perform and should take place within a period that is not unreasonably remote from the work time and at a location that is not unreasonably remote from the one authorized, and be motivated, at least in part, by the purpose to serve the employer. Rivera v. Maldonado and The Porto Rican and American Insurance Co., 72 D.P.R. 479 (1951).

The United States has not certified the employees at issue in this case were within the scope of their employment. The lack of scope of employment is premised on arguments that plaintiff's supervisors acts of hostile work environment or discrimination for these were conducted not for the benefit or to further the business or interest of the United States. The United States submits that threats to Mr. Merriweather and repercussions as to the request for personal loans from his supervisor Mr. Giddens, as well as to pressure to report to him any inquiries about his behavior, were but an attempt of said supervisor to cover up his own illegal activities through an atmosphere of intimidation. As such, none of the actions undertaken were to further any interest of the employer nor had a relationship to legitimate workplace or social activities.

Similarly, those acts of the other supervisors harassing Mr. Merriweather were purely for personal motives, *e.g.*, to allow the continuance of a crony system to procure favors and privileges for themselves and those associated with them, which were prompted by these individuals own prejudices and greed, even to the detriment of their employer.

As such, since the supervisors indicated to have acted against Mr. Merriweather were not performing these acts within their scope of employment, the defendant United States has not waived its sovereign immunity under the FTCA.

Plaintiff's response in opposition has failed to properly address the scope of employment caveat. Although it is correct that there is no exception in Section 2680 of the FTCA which disallows a claim for the infliction of emotional distress by government agents; *see* Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000) (citing Santiago Ramirez v. Secretary of Dept. of Defense, 984 F.2d 16, 20 (1st Cir. 1993)), under the FTCA it is the plaintiff's burden to prove the existence of subject matter jurisdiction. *See* Aversa, 99 F.3d at 1200; Murphy v. United States, 45 F.3d 520, 522 (1st Cir.1995). The FTCA ordains that the law of the place where the act or omission occurred shall govern actions for damages against the United States. *See* Rodríguez v. United States, 54 F.3d 41, 44 (1st Cir.1995). Similarly as to the criteria to establish scope of employment. Lyons v. Brown, 158 F.3d 605 (1st Cir. 1998).

For the most part, the opposition to dismissal refers to the complaint having established sufficient factual allegations that plaintiff would be entitled to relief by submitting numerous occasions wherein defendants (referring to Mr. Merriweather's supervisors) abused their positions to denigrate, humiliate and harass him. Not only the well pleaded allegations of the Amended Complaint are to be taken as true as to this factual scenario, but defendant United States has also established its own investigation has revealed said supervisors were acting in an illegal manner and in violation of regulations for their own benefits. The problem with this approach is that plaintiff's action, which is one against defendant the United States (not against the individual supervisors at the Department of Morale and Welfare of Fort Buchanan), is one that requires jurisdiction to

Esperanza Bonilla, et al., v. United States
Civil No. 08-1842(CVR)
Opinion and Order
Page 7

be exercised by this federal forum provided the United States becomes a proper party under the provisions of the FTCA – which does not waive its sovereign immunity except when the perpetrators are acting within the scope of their employment. The FTCA constitutes "a limited waiver of the federal government's sovereign immunity against private suits. Shansky v. United States, 164 F.3d 688, 690 (1st Cir.1999). *See* Muñiz-Rivera v. U.S., 326 F.3d 8 (1st Cir. 2003).

As above indicated, even though the abusive actions indeed took place, that situation does not establish there is subject matter jurisdiction in the first instance, for which the veracity of the events that transpired are not at issue at this stage. Even if the tort referred to in the amended complaint is considered established and the infliction of emotional distress was indeed suffered by Mr. Merriweather, – personal liability to be attached to the individual supervisors when no scope of employment is determined– the defendant United States would not have waived its immunity under the available relief of the FTCA and it cannot be held accountable for the conduct of these supervisors.

The law of immunity strikes a balance between the public interest in having injurious acts compensated and the competing public interest in safeguarding the ability of responsible governmental employees to faithfully carry out their duties without fear of protracted litigation in unfounded damages suits. *See* Lyons v. Brown, 158 F.3d 605 (1st Cir. 1998) (the Westfall Act would barred a private action against an employee of the federal government for negligent or wrongful act or omission when acting within the scope of his office or employment); Aversa v. United States, 99 F.3d at 1203, 1209 (citing H.R.Rep. No. 100-700, 100th Cong., 2d Sess. 5 (1988), reprinted in 1988 U.S.C.C.A.N. 5945, 5949. The Supreme Court has also held that 28 U.S.C. 2679(b)(1) immunizes federal employees from suit even when an FTCA exception precludes recovery against the United States. *See* United

Esperanza Bonilla, et al., v. United States
Civil No. 08-1842(CVR)
Opinion and Order
Page 8

States v. Smith, 499 U.S. 160, 165, 111 S.Ct. 1180 (1991); Nasuti v. Scannell, 906 F.2d 802, 810 n. 14 (1st Cir.1990).[3]

Thus, notwithstanding plaintiff's averment that allowing the claim would best serve the interest of justice, jurisdictional issues preclude the Court from entertaining this action pursuant to the provisions of the FTCA.

## CONCLUSION

In view of the foregoing, the United States' Motion to Dismiss for Lack of Jurisdiction is GRANTED. (Docket No. 67). As such, the Amended Complaint is DISMISSED WITH PREJUDICE as to defendant the United States.

Judgment to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of October of 2010.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] A federal employee may be re-substituted after the United States had been substituted for the employee in a tort claim under the FTCA, if the employee is shown to have been acting outside the scope of employment, as determined by applicable state law. Velez-Díaz v. Vega-Irizarry, 421 F.3d 71 (1st Cir. 2005); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296 (D. Puerto Rico 2001).